IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCEL WISZNIA AND WALTER WISZNIA,
d/b/a WISZNIA ASSOCIATES,

        Plaintiffs,

vs.                                                Civ. No. 00-1184 LH/WWD

THE CITY OF ALBUQUERQUE, a
municipal corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Revised Motion to Compel Discovery and Impose Sanctions Under Rule 37 [docket no. 64] filed August 24, 2001.

Background.

On July 2, 2001, Plaintiffs filed a motion to compel discovery [Docket #38] . The motion failed to comply with D.N.M.-LR Civ. 7.2(a), in that Plaintiffs failed to indicate whether the motion was opposed; and D.N.M.-LR Civ. 7.5(a), in that a supporting brief was not filed with the motion. The July 2nd motion was denied without prejudice with a proviso that if "Plaintiffs submit and serve on opposing counsel a properly drafted motion and memorandum within ten (10) days of the date of this Order, the Court will consider the motion". Previously, on July 9, 2001, after receiving a Joint Motion to Vacate Order for Electronic Filing and Stipulation as to Motion Filing Deadlines on Pending Motions, I entered an "Order Vacating the Order Facilitating Electronic Filing, which, *inter alia*, reestablished the "package" rule under D.N.M.-LR Civ. 7.3(a). Plaintiffs' counsel has now interpreted my Order of July 11, 2001, to be under the package rule. By doing this and not submitting the corrected motion and memorandum to me, the objective which I

-1-

sought, to straighten out the oversights of Plaintiffs' counsel promptly, went by the boards.  I had hoped that, given the opportunity, Plaintiffs' counsel could rise to the occasion and <u>submit</u> to me a proper motion and supporting memorandum brief, to be used instead of the insufficient submissions previously made. In the "Revised Motion" presently before me there is no indication as to whether the motion in opposed. D.N.M.-LR Civ. 7.2(a). The reason given for the absence of this information is set out in a letter from Plaintiffs' counsel. The letter concludes by stating that "the city [by July 24, 2001, when the Revised Motion was finally served]  had produced supplementary discovery responses and additional documents, thus changing to some extent the relief sought under the motion to compel".   The letter, incidentally, indicates that the present motion is opposed. Further "pleading by letter"  will not be tolerated.

<u>Conclusion.</u>

My efforts to assist Plaintiffs' counsel in complying with the rules of this Court have been a waste of time. I will treat the "Revised Motion" as being timely since most of the delay is my responsibility, regrettably, for trying to remedy defects in Plaintiffs' original motion instead of simply denying the original motion outright in the first place.  On or before September 14, 2001, Defendant shall respond to the Revised Motion to Compel Discovery and Impose Sanctions Under Rule 37 filed by Plaintiffs. Plaintiffs may file a Reply on or before September 24, 2000, if they choose to do so.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE