IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**MARCEL WISZNIA AND WALTER WISZNIA,**
d/b/a WISZNIA ASSOCIATES

    Plaintiffs,

v.                                                 CIV No. 00-1184 LH/WWD-ACE

**CITY OF ALBUQUERQUE,**
a municipal corporation,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Motion to Amend Answer to Add the Affirmative Defense of Res Judicata (Docket No. 44). The Court, having considered the motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, concludes that the motion shall be **granted**.

**I. Procedural Background**

The Albuquerque City Council, in December 1999, denied the request of Plaintiffs ("hereafter "Wisznias") for a site plan amendment and building permit. On January 18, 2000, the Wisznias appealed this decision to state district court. On July 7, 2000, they filed a second lawsuit in state court, alleging that the zoning decision was in violation of due process, equal protection, and the takings clause of the federal constitution. On August 15, 2000, the Wisznias filed a motion to

consolidate. Prior to a decision on the consolidation motion, Defendant removed this second lawsuit to federal court and answered the complaint on August 24, 2000. The administrative appeal remained in state district court, but was subsequently dismissed with prejudice on May 14, 2001.

On June 4, 2001, the City filed this summary judgment motion, and a month later filed a motion to amend its August 24, 2000 answer.

## II. Legal Analysis

As noted in its title, the City filed this motion seeking permission to add *res judicata* as an affirmative defense.[1] FED.R.CIV.P. 15(d) allows a defendant to supplement an answer with additional defenses, including affirmative defenses, based on events occurring after the answer is filed. *See* 3 WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.30 (3d ed. 2001).

The City can supplement its answer only by leave of court. The same principles that support the liberal amendment of pleadings also apply to supplemental pleadings. *Id.* Under Rule 15(a), leave to amend "shall be freely given where justice so requires." *Foman v. Davis*, 371 U.S. 178 (1962) (it is contrary to spirit of the Federal Rules of Civil Procedure for decisions on merits to be avoided on basis of technicalities); *see also Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir. 1989) (leave to supplement a complaint should be liberally granted unless good reason exists for denying leave).

Generally, the standard used by courts to decide whether to grant or deny leave to either supplement or amend pleadings is the same. *See* 3 WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE

---

[1] Technically, the City should have filed a motion to *supplement* its answer, under Rule 15(d), given its reliance on an occurrence that happened subsequent to the date of the filing of the answer.

2

§ 15.30 (3d ed. 2001).² Whether to grant leave to supplement is within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *See Gillihan,* 872 F.2d at 941. Refusing leave to amend is generally only justified upon showing of undue delay, undue prejudice to opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *See Frank v. U.S. West, Inc.,* 3 F.3d 1357,1365, (10th Cir. 1993), *citing Foman v. Davis,* 371 U.S. 178, 182 (1962).

The Wisznias contend that the motion should be denied because it is untimely, it will cause extreme prejudice, it is futile, and the City acted in bad faith in not moving to amend its answer sooner. The City responds that the defense of res judicata became available only after the state court dismissed the zoning appeal on March 14, 2001, that its motion is timely, and that other reasons for denial of the motion are not applicable.

### A. Undue Delay

Delay must be undue before it constitutes a sufficient basis to deny leave to amend. *See Frank,* 3 F.3d at 1365. In the Tenth Circuit, "untimeliness alone is a sufficient reason to deny leave to amend, 'especially when the party filing the motion has no adequate explanation for the delay.'" *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994) *(citation omitted)* (plaintiff's second motion for leave to amend denied when it was not based on new evidence unavailable at the time of the original filing and instead proposed a new theory after primary theory had been dismissed). "Where the party seeking the amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend

---

²For the purposes of this opinion, therefore, the terms "supplement" and "amend" will be used interchangeably.

is subject to denial." *Id.* (*citation omitted*).  The policy behind such a denial is that as important as liberality in amendment is to assuring a party a fair opportunity to present defenses, "equal attention should be given to the proposition that there must be an end finally to a particular litigation." *Id.* (*citation omitted*).

The City correctly asserts that it was unable to include the *res judicata* defense in its August 24, 2000 answer to Plaintiffs' § 1983 claim.  One of the required elements for the defense is that there be a prior final judgment on the merits.  *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) ("Under res judicata, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' "), *citing Allen v. McCurry,* 449 U.S. 90, 94 (1980).  The state court's final judgment was not issued until seven months after the City answered the complaint; consequently, the defense was unavailable at that time.

The City did wait an additional four months after the final judgment to seek leave to file a supplemental pleading.  Its motion to amend noticeably lacks an explanation for the wait.  This second delay is not, however, undue.  In *Atiya v. Salt Lake County,* the Tenth Circuit affirmed the district court's grant of defendants' request to amend their answer to include a *res judicata* defense. 988 F.2d 1013, 1018 (10th Cir. 1993).  In that case, plaintiff brought a § 1983 claim in 1987 against the county after an administrative decision rejected her wrongful discharge claim.  As here, the answer did not plead *res judicata* and plaintiff argued that defendants waived the defense.  In 1990, the *Atiya* district court granted the motion to amend the answer.  The decision was affirmed on appeal when the possibility of issue preclusion was real, the amendment did not occur on the eve of trial, and did not delay a determination of the suit.

4

Here, the City's delay in seeking the amendment is substantially less than in *Atiya*, there is possibility of *res judicata* applying to the case as with *Atiya*, and there would be no resulting delay in the determination of the suit.

**B. Undue Prejudice to Plaintiff**

My conclusion that the City did not unduly delay raising *res judicata* does not foreclose the possibility that the defense is waived if it would result in undue prejudice to the non-moving party. *See Frank,* 3 F.3d at 1365; *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-331 (1971) (court must consider prejudice to counter-claimant that would result by adding new defense more than one year after trial); *see also* 3 WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.15[2] (3d ed. 2001). The Wisznias contend that they will suffer "obvious prejudice" because "had the City raised the defense sooner, Wisznia could have acted to rectify the situation" either by seeking to determine whether the civil claims and administrative appeal could be adjudicated together[3] or by seeking to clarify the state court's dismissal order.[4] (Pls.' Mem. in Opp. to Defs.' Mot. to Amend at 5-8.). I note that no appeal was taken from the dismissal with prejudice of that appeal.

In determining undue prejudice, courts consider whether the amendment will significantly delay the disposition of the case and require additional discovery, *see e.g., McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1130 (10th Cir. 1998) (defendant would be prejudiced when many key individuals would have to be deposed again). Courts also consider whether the motion to amend occurs on the eve of trial, *see e.g., Hefley v. Jones,* 687 F.2d 1383 (10th Cir.1982) (where defendant

---

[3] The Wisznias argue that procedural changes in appealing administrative decisions prevented them from litigating both an appeal and civil claims together in one proceeding.

[4] Plaintiff filed a motion to dismiss without prejudice. The state court granted the motion but did so "with prejudice."

knew facts necessary to assert real party in interest defense for 18 months from time complaint was filed, trial court had discretion to deny amendment 16 days before trial) ; *see also White v. American Airlines, Inc.*, 915 F.2d 1414 (10th Cir. 1990) (trial court's denial of amendment affirmed when defendant could have raised *res judicata* defense prior to time that trial began).

Although Plaintiffs would obviously suffer prejudice if the City is successful in its *res judicata* defense, addition of this defense will not be unduly prejudicial. The amendment will not require additional discovery, delay the onset of trial, or delay resolution of the case. The actions that the Wisznias claimed they would have taken had the *res judicata* defense been offered four months earlier could have properly occurred regardless of the City raising the defense.

### C. Futility and/or Legal Sufficiency of Amendment

The Wisznias contend that the City's amendment is legally insufficient, and it therefore would be futile to grant leave to amend. An amendment is futile if it merely restates the facts in the original complaint, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss. *See* 3 WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.15[2] (3d ed. 2001); *see also Bauchman for Bauchman v. West High School,* 132 F.3d 542, 562 (10th Cir. 1997) (*citations omitted)* (court properly may deny motion for leave to amend as futile when proposed amended complaint would be subject to dismissal for any reason, including that amendment would not survive motion for summary judgment).

The Wisznias argue that the proposed amendment is legally insufficient because it cannot withstand the City's motion for summary judgment. They assert that 1) the state court's dismissal of its first suit was not an adjudication on the merits; 2) they did not have a full and fair opportunity to litigate their § 1983 claims; and 3) it was procedurally impossible to bring the administrative appeal

6

and the federal claims together in one proceeding. At this juncture, without doing further research and reading of the pending summary judgment motion, I am unable to conclude that the defense of *res judicata* will be legally insufficient or futile.

Because the proposed amendment was not unduly delayed, will not result in undue prejudice to Plaintiffs, and is not futile or legally insufficient, as far as can be ascertained at this time, the City shall be permitted to supplement its answer to Plaintiffs' complaint by adding the defense of *res judicata*.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend Answer to Add the Affirmative Defense of Res Judicata (Docket No. 44) is **GRANTED**.

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**