IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**MARCEL WISZNIA and WALTER WISZNIA,**
**d/b/a WISZNIA ASSOCIATES,**

              **Plaintiffs,**

v.                                                     **CIV No. 00-1184 LH/WWD-ACE**

**CITY OF ALBUQUERQUE,**
**a municipal corporation,**

              **Defendant.**


**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the City of Albuquerque's Motion for Summary Judgment (Docket No. 34). The City seeks dismissal of this case on grounds of *res judicata*. The Court, having considered the briefs of the parties as well as applicable case law, and being otherwise fully advised, concludes that the motion shall be **granted** and that this case shall be **dismissed.**

**I.  Factual Background**

      Plaintiffs Wisznia requested a site plan amendment and building permit. In December 1999, the Albuquerque City Council denied these requests. On January 18, 2000, the Wisznias appealed this decision to state district court (CIV No. 00-447, hereinafter "Lawsuit I"). On July 7, 2000, they filed a second lawsuit in state court, alleging that the zoning decision was in violation of due process,

1

equal protection, and the takings cause of the federal constitution (CIV No. 00-6882, hereinafter "Lawsuit II"). On August 15, 2000, the Wisznias filed a motion to consolidate. Before the consolidation motion was ruled on, the City removed Lawsuit II to this Court, and filed an answer to the complaint on August 24, 2000. On June 4, 2001, the City filed the immediate summary judgment motion.[1]

Meanwhile, Lawsuit I remained in state district court. The Wisznias filed a motion to dismiss that case without prejudice. On March 14, 2001, state district court Judge Robert Scott dismissed Lawsuit I "with prejudice".

## II. Legal Standards

The starting point for addressing the preclusive effect of a state court judgment is the federal "full faith and credit" statute, 28 U.S.C. § 1738, which provides in part:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the court of such State . . . from which they are taken.

Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the state courts from which they came. *See Kremer v. Chemical Construction Corp.*, 461 U.S. 461, 466 (1982). Accordingly, this Court must give the state district court judgment the same preclusive effect it would be given in the courts of New Mexico.

*Res judicata*, or "claim preclusion," bars litigation of claims that were or could have been

---

[1] The City also filed a motion to amend its answer. By separate Memorandum Opinion and Order, this motion was granted.

2

advanced in an earlier proceeding. *State ex rel. Martinez v. Kerr-McGee Corp.*, 120 N.M. 118, 121 (N.M.Ct.App. 1995). *See Strickland v. City of Albuquerque*, 130 F.3d 1408 (10th Cir. 1997). There are four requisite elements for this doctrine under New Mexico law: (1) the same party or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and, (4) the same cause of action of both suits. *Id*. at 1411. There is no dispute that the first three elements are satisfied here. What is at issue is the fourth element.

The New Mexico Supreme Court has adopted the rules set forth in RESTATEMENT (SECOND) OF JUDGMENTS Section 24 and 25, for defining the scope of a "claim" or "cause of action" that is barred by a prior judgment. *See Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 695 (1982), *overruled in part on other grounds by Universal Life Church v. Coxon*, 105 N.M. 57, 59 (1986). Restatement Section 24 provides:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

As noted by the *Strickland* Court, via adoption of this transactional view of "claim", the Restatement reflects the fact that "under modern forms of procedure the parties have the means to present all material relevant to the transaction without confinement to a single substantive theory or form of relief." *Strickland* at 1411. As such, "[t]he law of *res judicata* now reflects the expectation that parties who are given the capacity to present their 'entire controversies' shall in fact do so."

3

RESTATEMENT (SECOND) OF JUDGMENTS § 24, Comment a.

### III. Analysis

#### A. Applicability of *Res Judicata*

The Restatement rules lead me to conclude that the allegations in Lawsuit II are part of the claim the Wisznias asserted in Lawsuit I. The factual gravamen of the Wisznias' complaint in both lawsuits was the City's denial of their zoning permit application. They seek redress for the same alleged wrong in both suits. Because both suits arise from the same transaction, they meet the same cause of action element of *res judicata*.[2]

The Wisznias contend that dismissal of Lawsuit I was not a final judgment on the merits. To the contrary, this dismissal was "with prejudice", it was dispositive of that lawsuit and therefore was a final judgment. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. b (1982)(a judgment will ordinarily be considered final for the purposes of claim preclusion "if it . . . represents the completion of all steps in the adjudication of the claim by the court . . . ."). The finality of this order is clear from the April 17, 2001 letter from Judge Scott to Plaintiffs' counsel, wherein he indicated that he intended to sign the dismissal order with prejudice and recommended that Plaintiffs' counsel proceed immediately to appellate relief. (Def's Ex. C to Reply Brief). This dismissal of Lawsuit I was obviously dispositive and a final judgment. This conclusion is strengthened by the notable absence of an appeal from this dismissal. When no appeal is taken, the judgment becomes final and cannot

---

[2] I note that in their motion to consolidate Lawsuits I and II, counsel for the Wisznias indicated that the two actions "involve a common nucleus of operative facts and common issues of law", and that the two cases "arise out of the same facts and involve similar legal issues and defenses." (Mot. for Consol., Pltf's Ex. C at pp. 2 and 3).

be questioned in later litigation. *See State ex rel. Bliss v. Casarez*, 52 N.M. 406, 407-08 (1948).

Furthermore, this dismissal was a judgment on the merits. Generally, a judgment will be considered on the merits "if it is rendered upon consideration of the legal claim", as opposed to other grounds such as procedure or jurisdiction. *See* 18 MOORE'S FEDERAL PRACTICE § 131.30[3][a](3d ed. 2001). Having reviewed the pleadings before this Court from Lawsuit I, I conclude that this dismissal was not made on procedural or jurisdictional grounds, but that it was a judgment on the merits. I conclude that Judge Scott considered and decided the issues raised in the Wisznias' statement of issues (Pltf's Ex. B), which included: (1) whether the City misinterpreted the zoning ordinances; (2) whether there was substantial evidence to support the findings of the City; and, (3) whether the City's decision was an impermissible attempt to set policy and whether its decision was arbitrary, capricious and a manifest abuse of discretion.[3]

The Wisznias' motion to dismiss was largely premised on the grounds that the case should be dismissed without prejudice so that the Wisznias could pursue remedies in Lawsuit II, however Judge Scott expressly refused to issue a dismissal without prejudice. This was made abundantly clear when, in response to a query from Mr. Chappell, Judge Scott indicated by letter that he "did intend to sign an Order dismissing with prejudice and therefore you should proceed to appellate relief immediately." (Def's Ex. C to Reply Brief). This letter emphasizes the fact that he was not granting the Wisznias' motion, in that he anticipated that they would want to appeal. He clearly declined to grant the motion for the strategic or procedural purpose they proposed, i.e., in order to pursue a

---

[3] In Section VI of this same brief, the Wisznias attempted to reserve the issues they subsequently raised in Lawsuit II, on the grounds that, under the approach specified in N.M.S.A. § 39-3-1.1 (1998), none of these issues could be "adequately developed in the quasi-judicial proceedings that occurred below."

second lawsuit.[4]

The Wisznias argue that the two lawsuits did not involve the same claims, because it would have been impossible for them to raise constitutional claims in Lawsuit I, an administrative appeal. This argument is largely premised on the fact that NMSA §39-3-1 was amended in 1998 to eliminate the earlier provision that an administrative appeal is a *de novo* proceeding. This section now provides for judicial review of final agency action, to be initiated by the filing of a notice of appeal.

Despite the fact that the proceeding in front of Judge Scott was not *de novo*, I am unconvinced that this was a barrier to bringing up alleged unconstitutional conduct of the City Council in Lawsuit I. I am convinced that Judge Scott had jurisdiction to consider such a claim.

A procedurally analogous situation was discussed at length in the unpublished yet instructive decision of *Mares v. City of Albuquerque*, 173 F.3d 864 (10th Cir. 1999). While recognizing that the law is well-established that a party cannot change its theory on appeal, or raise issues on appeal that were not advanced in an administrative proceeding, the Court held that such caselaw did not preclude Mr. Mares "from asserting new constitutional claims for damages, along with his petition for review of the Personnel Board ruling" during the appeal. *Id*. at *3.

The *Mares* decision cited the *Strickland* [5] holding that *res judicata* barred a plaintiff from bringing a § 1983 suit in federal court because he could have joined § 1983 claims to his state appeal

---

[4] In paragraph 33, the Wisznias moved for dismissal specifically "without prejudice to Wisznias' rights to pursue its common law remedies in the suit now pending in federal court." Alternatively, in paragraph 34, the Wisznias moved for an order allowing them to supplement the record with documents and information obtained through discovery in the federal case.

[5] *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1413 (10th Cir. 1997).

6

of a personnel board ruling. The *Mares* case relied on other New Mexico case law [6] that did not prohibit joinder in state district court of constitutional claims undecided by an administrative body.

The reasoning of the *Mares* decision applies in this case. These constitutional claims could have been raised in Lawsuit I. *Res judicata* applies to these claims in Lawsuit II.

### B. Exceptions to the *Res Judicata* Doctrine

New Mexico courts recognize the exceptions to the doctrine of *res judicata* contained in the Restatement (Second) of Judgments. *See Three Rivers Land Co.*, 98 N.M. at 696. Plaintiffs argue that these exceptions apply: first, where defendant acquiesced to the claims being split; second, where a claim could not be brought in the first action due to the subject matter jurisdiction of the first tribunal; and third, where polices favoring preclusion are overcome by extraordinary reasons. *See* RESTATEMENT (SECOND) OF JUDGMENTS (1982) §§ 26 (1)(a), (c), and (f).

#### (1) Acquiescence

A defendant can acquiesce to claims being split either by express agreement or by effect. *See id.* at (1)(a). Acquiescence can occur when a defendant fails to object to two simultaneous actions on the same claim. *See* 18 MOORE'S FEDERAL PRACTICE § 131.24[1] (3d ed. 2001). Under Rule 8(c) of New Mexico Rules of Civil Procedure, *res judicata* is an affirmative defense. If an affirmative defense is not pleaded or otherwise properly raised, it is waived. *See Xorbox v. Naturita Supply Co., Inc.*, 101 N.M. 337, 339-340 (1984) (defense of r*es judicata* is permanently waived when not raised). A failure to raise the defense, therefore, may constitute acquiescence by effect.

---

[6] *Zamora v. Village of Ruidoso Downs*, 120 N.M. 778 (1995) and *Wolfley v. Real Estate Comm'n*, 100 N.M. 187 (1983).

Plaintiff argues that the City acquiesced to the splitting when it failed to include *res judicata* as an affirmative defense in its August 23, 2000 answer to Plaintiff's second suit. As discussed in this Court's order on Defendant's motion to amend, the defense was unavailable to the City at that time. I decline to conclude that the City acquiesced to splitting the claims.

### (2) Limits on subject matter jurisdiction of the first court

The Wisznias contend that neither the City Council nor Judge Scott had jurisdiction to adjudicate the common law and statutory claims they raised in Lawsuit II. The Court recognizes that claims may not be precluded where a plaintiff could not seek a certain relief or rely on a certain action in the first action due to limitations on the subject matter jurisdiction of the first tribunal. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(c) (1980), *cited in State ex rel. Martinez v. Kerr-McGee,* 120 N.M. at 122. This argument is addressed above, where I concluded that, although the City Council did not have jurisdiction to consider these constitutional claims, that Judge Scott did have such jurisdiction.

### (3) Extraordinary policy reason

Subsection (1)(f) of RESTATEMENT (SECOND) OF JUDGMENTS § 26 (1980) provides for an exception to the application of *res judicata* when there are extraordinary situations where the doctrine is inapposite. "Such an exception to the rules. . .is not to be lightly found but must be based on a clear and convincing showing of need." *See* Id. at § 26, cmt. i. (1982). Plaintiffs argue that it is inequitable to apply *res judicata* in this case because they did not have full and fair opportunity to litigate nor were the § 1983 claims actually or necessarily decided. As stated above, I have already decided that these arguments are without merit. I conclude that Plaintiffs' situation is not so extraordinary as to meet this limited exception.

## IV.  Conclusion

Because the elements of *res judicata* are met and because none of the exceptions to the application of the doctrine is applicable to this case, the City's motion for summary judgment should be granted.

**WHEREFORE**, for the reasons stated herein, the City of Albuquerque's Motion for Summary Judgment (Docket No. 34) shall be **granted and this case shall be dismissed.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**