IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCEL WISZNIA AND WALTER WISZNIA,
d/b/a WISZNIA ASSOCIATES,

        Plaintiffs,

    -vs-                                                                                No. CIV 00-1184 LH/RHS

THE CITY OF ALBUQUERQUE, a municipal
corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Objection to Magistrate's Order Reopening Discovery (Docket No. 115), filed October 5, 2005. The Court, having considered Defendant's Objection, Plaintiffs' Response, and the applicable law, and otherwise being fully advised, finds Defendant's Objection is not well taken and it will be overruled.

Defendant objects to the Order Granting Plaintiffs' Motion to Reopen Discovery for Limited Purposes (Docket No. 113), entered September 27, 2005, in which Magistrate Judge Scott concluded that Plaintiffs should be allowed to pursue discovery from non-party witnesses and that this discovery should be completed on or before October 31, 2005.  Defendant argues that the proposed discovery is not "limited," as Plaintiff subsequently requested to depose fifteen witness during the last two weeks of October, which is unduly burdensome for defense counsel, and that there was nothing precluding Plaintiffs from having completed this discovery prior to the original trial date of May 13, 2002.

A magistrate judge's order disposing of nondispositive matters may be modified or set aside only if the district judge to whom the case is assigned finds the order to be clearly erroneous or

contrary to law.  FED. R. CIV. P. 72(a).  The Seventh Circuit, in discussing this standard, has stated that "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."  *Parts and Elec. Motors, Inc, v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (1988).

This Court does not find Judge Scott's Orders to be clearly erroneous, much less contrary to law.  The Court also is confident that any undue burdens faced by Defendant that it may bring to Judge Scott's attention will be more than adequately addressed by him.  At the same time, the Court also notes that in the event Plaintiffs eventually prevail on the merits in this matter and apply for attorney fees, they will "bear[] the burden of establishing entitlement to an award and documenting the appropriate hours expended," *Case v. Unified Sch. Dist. No. 233, Johnson County*, 157 F.3d 1243, 1249 (10th Cir. 1998), and the Court may "reduce the reasonable hours awarded if 'the number [of compensable hours] claimed by counsel include[s] hours that were unnecessary, irrelevant and duplicative,'" *id.* at 1250 (quoting *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994)(alterations in original)).

**IT IS HEREBY ORDERED** that Defendant's Objection to Magistrate's Order Reopening Discovery (Docket No. 115), filed October 5, 2005, is **OVERRULED**.

 S/Electronically Signed
 **SENIOR UNITED STATES DISTRICT JUDGE**